

# The Attorney General of Texas

February 19, 1982

**ARK WHITE**
**torney General**

**reme Court Building**
**0. Box 12548**
**tin, TX. 78711- 2548**
**2475-2501**
**ex 910/874-1367**
**copier 512/475-0266**

**07 Main St., Suite 1400**
**ias, TX. 75201-4709**
**4742-8944**

**24 Alberta Ave., Suite 160**
**Paso, TX. 79905-2793**
**533-3484**

**20 Dallas Ave., Suite 202**
**ston, TX. 77002-6986**
**650-0666**

**Broadway, Suite 312**
**bock, TX. 79401-3479**
**4747-5238**

**N. Tenth, Suite B**
**Allen, TX. 78501-1685**
**682-4547**

**Main Plaza, Suite 400**
**Antonio, TX. 78205-2797**
**2225-4191**

**'Equal Opportunity/**
**Irmative Action Employer**

Honorable Royal Hart
District Attorney
Tom Green County Courthouse
San Angelo, Texas    76903

Opinion No.    MW-445

Re:   Salary of county auditor

Dear Mr. Hart:

You ask:

> Is the county auditor's salary limited by the amount paid to the person performing the duties of assessor and collector of taxes in the county or by the amount paid to the holder of the constitutional office of tax assessor-collector?

Article 1645, V.T.C.S., provides in pertinent part as follows:

> In any county having a population of 35,000 inhabitants or over according to the last preceding Federal Census, or having a tax valuation of $35,000,000 or over according to the last approved tax rolls, there shall be appointed every two years an auditor of accounts and finances, the title of said office to be County Auditor, who shall hold his office for two years and who shall receive as compensation for his services <u>an annual salary</u> from the County General Fund <u>of not more than the amount allowed or paid the Assessor-Collector of Taxes in his county....</u> (Emphasis added).

.You advise that, pursuant to section 6.24 of the Property Tax Code, Tom Green County entered into an agreement which calls for another taxing unit to perform duties relating to the assessment and collection of taxes for the county. Thus, the person who holds the constitutional office of assessor and collector of taxes for the county, <u>see</u> article VIII, section 14 of the Texas Constitution, no longer performs those duties.

The meaning of the underscored portion of article 1645 is not entirely free from doubt, and the language is therefore subject to

construction.  See Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974).  Our objective in construing this language must be to ascertain and then give effect to the legislature's intent.  Calvert v. Texas Pipe Line Company, 517 S.W.2d 777 (Tex. 1974).

The language creating the limitation on a county auditor's salary was first inserted in article 1645 in 1941.  Acts 1941, 47th Leg., ch. 601, at 1331.  We note that the 1941 version of the statute referred to the "Assessor and Collector of Taxes," which is the precise terminology used in article VIII, section 14 of the Texas Constitution, while the 1955 and subsequent versions have referred to the "Assessor-Collector of Taxes."  Acts 1955, 54th Leg., ch. 414, at 1117.

The arrangement now permitted by section 6.24 of the Property Tax Code, whereby a county may contract with another taxing unit to perform duties relating to the assessment and collection of county taxes, was unknown in 1941 when the salary limitation was first placed in article 1645.  At that time, these duties were performed by the holder of the constitutional office of county tax assessor-collector.  Thus, it is obvious that when the legislature first created the salary limitation, it must have had the constitutional officer in mind.  This conclusion is buttressed by the fact that, as we have noted, the 1941 limitation referred to the "Assessor and Collector of Taxes," the same language -- complete with upper case letters -- used in article VIII, section 14 of the Texas Constitution.

Since the 1955 amendments, article 1645 has referred to the "Assessor-Collector of Taxes."  In our opinion, however, this slight change in terminology is inconsequential.  In 1955, just as in 1941, the person holding the constitutional office of county tax assessor-collector performed duties relating to the assessment and collection of taxes for a county; thus, the 1955 legislature must have also intended for the term to signify the constitutional office of tax assessor-collector.

Article 1645 was again amended in 1979, Acts 1979, Sixty-sixth Legislature, chapter 395, at 870, the same year that the Property Tax Code was enacted.  The underlined language in the statute was, however, reenacted in the exact form in which it had existed since 1955.  Thus, the question becomes:  When the legislature reenacted this language, which for 38 years had referred to the constitutional office of tax assessor-collector, did it intend for the language to assume a new meaning?

We believe not.  We recognize that it might be argued that the same legislature that amended article 1645 also enacted the Property Tax Code, and that because it knew that a county's tax assessment and collection duties could henceforth be performed by someone other than

the constitutional assessor and collector, it must have intended for the article 1645 limitation to refer to the person who actually performs the duties. But this argument assumes a link between the Property Tax Code and article 1645 that does not necessarily exist. The mere fact that the legislature created a means whereby someone other than the county tax assessor-collector may perform duties relating to the assessment and collection of taxes for a county does not indicate that it intended to change the meaning of the term "Assessor-Collector of Taxes" in article 1645. Even in a county which chooses an alternative means of tax assessment and collection, the county tax assessor-collector will have a number of duties to perform; thus, it is entirely reasonable to assume that the legislature intended for the term to continue to refer to the constitutional officer.

If the legislature had intended to effect a change in the meaning of article 1645 when it amended the statute in 1979, we believe it would have done so clearly and unequivocally. It could also have done so in 1981. The fact that it made no change compels us to conclude that it intended for the term "Assessor-Collector of Taxes" to retain its traditional meaning.

## SUMMARY

Under article 1645, V.T.C.S., a county auditor's salary is limited by the amount paid to the holder of the constitutional office of assessor and collector of taxes.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger